# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| E3 BIOFUELS-MEAD, LLC; ) <br> E3 BIOFUELS LLC; ) <br> E3 BIOFUELS-MEAD HOLDINGS, LLC; ) <br> E3 MARKETING, LLC; AND ) <br> E3 BIOFUELS OPERATION CO., LLC, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br>   ) <br> ZURICH AMERICAN INSURANCE ) <br> COMPANY, ) <br>   Defendant. ) <br>   ) | CIVIL ACTION <br><br> No. 08-214-CM |

## MEMORANDUM AND ORDER

This case involves a bankruptcy matter, *In Re E3 Biofuels-Mead, LLC*, Case No. 07-22733; an adversarial proceeding, *E3 Biofuels-Mead, LLC, et al. v. Zurich American Insurance Company*, Adv. No. 08-6010; and this civil action. This matter is currently before the court on Defendant Zurich American Insurance Company's ("defendant Zurich") Motion to Transfer This Action to the District Court (Doc. 1). Also before the court is the Notice of Transmission of Recommendation to the District Court to Grant Defendant's Motion to Transfer This Action to the District Court (Doc. 1-2) and the Bankruptcy Court's Recommendation (Doc. 1-5).

## I.   Factual Background[1]

On February 8, 2008, E3 BioFuels-Mead, LLC; E3 BioFuels LLC; E3 BioFuels-Mead Holdings, LLC; E3 Marketing, LLC; and E3 BioFuels Operation Co., LLC ("plaintiffs") filed the

---

[1] The bankruptcy court set forth the facts in its Recommendation, and the court will not unnecessarily repeat them here.

adversary proceeding against defendant Zurich, alleging damages relating to a construction project were covered by a builder's risk insurance policy issued by defendant Zurich. The complaint seeks a declaratory judgment finding plaintiff's damages are covered under the policy and asserts a breach of contract claim to determine the amount of damages at trial. Defendant Zurich does not request a jury trial.

**II.     Analysis**

Defendant Zurich moves to transfer the complaint to this court, alleging the matter is a non-core proceeding depriving the Bankruptcy Court of the ability to issue a final ruling. Plaintiffs argue that the matter is a core proceeding or, in the alternative, that it is clearly "related to" the bankrupt estate and should remain in the Bankruptcy Court. The Bankruptcy Court recommends that this court transfer the matter to the district court because (1) it believes the proceeding is a non-core proceeding; (2) the Bankruptcy Court is limited to submitting a recommendation to the district court, which the district court will have to review *de novo*; and (3) this matter is in the initial stages of litigation. For the following reasons, the court agrees and adopts the Bankruptcy Court's recommendation.

"The district court may withdraw, in whole or in part, any case or proceeding referred under [28 U.S.C. § 157], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Courts have considered a number a factors when determining whether cause for withdrawal exists, including (1) whether the claim is core or non-core; (2) whether the claim is legal or equitable; and (3) other considerations of judicial efficiency and convenience, prevention of forum shopping, uniform administration of bankruptcy law, and economical use of the parties' resources. *In re Hardesty*, 190 B.R. 653, 654–55 (D. Kan. 1995). After considering these factors,

the court finds that this case should be withdrawn from the Bankruptcy Court.

First, as the Bankruptcy Court explained in its Recommendation, the claims in this matter are non-core. Generally, actions to recover insurance proceeds that can exist independently of the bankruptcy case and do not involve bankruptcy laws are considered non-core. *See, e.g., In re R.I. Lithograph Corp.*, 60 B.R. 199 (Bankr. D.R.I. 1986); *In re Guenther*, 65 B.R. 650 (Bankr. D. Colo. 1986). Although there are exceptions to this generalization, those exceptions do not apply here because the insurance proceeds are not indispensable to the reorganization effort. *In re G-I Holdings, Inc.*, 278 B.R. 376, 384 (Bankr. D. N.J. 2002) (recognizing that the insurance coverage action in [*Matter of Celotex Corp.*, 152 B.R. 667 (Bankr. M.D. Fla. 1993)] was a core proceeding because it was determined to be the "linchpin" of the reorganization effort). Plaintiffs' claims could be brought outside of the Bankruptcy Court—they do not involve substantive rights created by federal bankruptcy law. Second, whether the claim is legal or equitable is irrelevant because the parties have not requested a jury trial of either claim. Third, judicial efficiency and economical use of the parties' resources will be best served by transferring the claims to the district court. The Bankruptcy Court is limited to submitting a recommendation to the district court based on proposed findings of fact and conclusions of law. 28 U.S.C. § 157(c)(1); *In re Guenther*, 65 B.R. at 651 ("If the proceeding is not a "core" proceeding and the parties do not consent, the bankruptcy judge can hear the matters and enter proposed findings of fact and conclusions of law to the district court under 28 U.S.C. § 157(c)(1)."). The district court reviews the Bankruptcy Court's recommendation *de novo*. By transferring this matter to the district court at the initial stage of the litigation, the court and the parties will save time and other resources and avoid an extra judicial step. Finally, this action does not require any specialized knowledge of bankruptcy law and, due to the early stages of litigation, the Bankruptcy Court explained in its Recommendation that it is not significantly familiar

with this case. Accordingly, the court finds that this matter should be withdrawn from the Bankruptcy Court.

Plaintiffs request that the matter not be transferred until all pre-trial matters are resolved. The Bankruptcy Court did not address this request in its Recommendation. After reviewing the parties' arguments, the court finds there is no reason for the Bankruptcy Court to retain this matter until trial. The early stage of the proceeding and the Bankruptcy Court's unfamiliarity with the specific facts of the case weigh in favor of transferring the matter to the district court before trial.

**IT IS THEREFORE ORDERED** that Defendant Zurich American Insurance Company's ("defendant Zurich") Motion to Transfer This Action to the District Court (Doc. 1) is granted.

Dated this 23rd day of January 2009, at Kansas City, Kansas.

                                                   **s/ Carlos Murguia**
                                                   **CARLOS MURGUIA**
                                                   **United States District Judge**